**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 6:24-MJ-665(1)-DTG** |
| | § | |
| **LILIAN BRUNA WARD** | § | |
| | § | |
| | § | |

**ORDER ON DEFENDANT LILIAN BRUNA WARD'S MOTION FOR EARLY TERMINATION**

Before the Court is Defendant Lilian Bruna Ward's Motion for Early Termination of Probation. (Dkt. No. 21). Ward asks this Court to terminate her two-year term of probation. For the reasons stated below, the Court **GRANTS** Ward's motion.

Under 18 U.S.C. § 3564(c), district courts may terminate a defendant's term of probation early "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." To do so, the court must find that the defendant has served at least one year of their probation term and the applicable factors to be considered in imposing a sentence weigh in favor of early termination. *Id.* §§ 3564(c), 3553(a). Accordingly, district courts have broad discretion to grant or deny early termination. *See United States v. Jeanes*, 150 F.3d 483, 484 (5th Cir. 1998) (finding the court has broad discretion to grant early termination of supervised release); *see also* 18 U.S.C. § 3583(e)(1) ("the court may, after considering the factors set forth in [§ 3553(a),] terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if [the court] is satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice[.]").

Here, Ward began her original period of probation on October 18, 2024. (Dkt. No. 19 at 2). She filed her Motion for Early Termination on November 3, 2025. (Dkt. No. 21). Accordingly, the Court finds that Ward has completed more than one year of probation as 18

U.S.C.§ 3564(c) requires. Ward bases her request for early termination on her improved mental state, good behavior during her first year of probation, and completion of every condition of probation the court imposed. (Dkt. No. 21 at 1). In support of her motion, Ward included a letter from her psychotherapist, the receipt reflecting the fine she paid to the court, employment stubs, and more. (Dkt. Nos. 21-1 to 21-6). Further, the Government did not oppose Ward's motion, and nothing in the record indicates a reason why the Court should not grant early termination in this case. The Court thus finds that Ward has shown that early termination of her probation is warranted and in the interest of justice.

Accordingly, the Court **GRANTS** Ward's Motion for Early Termination of Probation.

**IT IS SO ORDERED.**

**SIGNED** this 19th day of December, 2025.

DAN MACLEMORE
UNITED STATES MAGISTRATE JUDGE